# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **RENASANT BANK,** | } |
| **Appellant,** | } |
| v. | } Case No.: 5:24-cv-01746-RDP |
| **JOSEPH SANCHEZ,** | } |
| **Appellee.** | } |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on an appeal from the United States Bankruptcy Court for the Northern District of Alabama (the "Bankruptcy Court"). Appellant Renasant Bank ("Renasant") has appealed from the Bankruptcy Court's Order denying Renasant's Amended Motion to (1) Reopen Case, (2) Order Debtor to Surrender Collateral, and (3) Order Debtor to Cease State Court Proceedings in an Effort to Retain Collateral and to Revoke Debtor's Discharge. After careful review, and for the reasons below, the court affirms the Bankruptcy Court's decision.

**I.     Background**

On September 7, 2021, Joseph Sanchez ("Sanchez") entered into a promissory note and mortgage loan agreement with Renasant involving property located at 347 Hills Chapel Road, Hazel Green, Alabama 35750. (Doc. # 4-21 at 42-60). Sanchez later defaulted on his mortgage loan payments with Renasant. (Doc. # 4-21 at 27). Following his default, the real estate collateral for Sanchez's mortgage loan was set for a foreclosure sale on May 12, 2023. (*Id.* at 27-28). On May 11, 2023, Sanchez filed a Chapter 13 bankruptcy petition to stop the foreclosure sale. (*Id.* at 29). On May 30, 2023, Sanchez's Chapter 13 bankruptcy case was dismissed. (*Id.*).

Renasant re-noticed the foreclosure sale for July 12, 2023. (*Id.* at 30-31). On July 11, 2023, Sanchez filed a second Chapter 13 bankruptcy petition to stop the foreclosure sale. (*Id.* at 32). Renasant obtained a lift of the automatic stay and re-noticed the foreclosure sale for February 20, 2024. (*Id.* at 33). On the morning of February 20, 2024, Sanchez converted his Chapter 13 bankruptcy case to a Chapter 7 bankruptcy case, which stopped Renasant's third effort to foreclose on Sanchez's property. (*Id.* at 35-36).

When Sanchez converted his second Chapter 13 bankruptcy case to a Chapter 7 bankruptcy case (*id.*), he did not disclose that he had any causes of action, claims, or lawsuits against any person or entities on his Chapter 7 bankruptcy schedules. (*Id.* at 40). Nor did he amend his schedules to disclose any potential causes of action. (Doc. # 4-3 at 7). When he converted his case, Sanchez completed a "Statement of Intention for Individuals Filing Under Chapter 7," wherein he listed "Renasant Bank/Heritage Bank" as a secured creditor with claims secured by property. (Doc # 64, Bankr. N.D. Ala., 23-81213-CRJ7). For the "[d]escription of the property securing debt," he provided the following address: "347 Hills Chapel Rd. Hazel Green, AL 35750 Madison County." (*Id.*). And in answer to the question "What do you intend to do with the property that secures a debt?" Sanchez checked the following box: "Retain the property and enter into a Reaffirmation Agreement." (*Id.*). There is no record evidence indicating that Sanchez reaffirmed or redeemed his note and mortgage with Renasant during his Chapter 7 bankruptcy case. (*See generally* Doc. # 3-2 (Bankruptcy Court docket sheet)).

On May 1, 2024, Renasant obtained an order from the Bankruptcy Court lifting the automatic stay so that it could proceed with a foreclosure on Sanchez's property. (Doc. # 4-17). On May 30, 2024, Renasant foreclosed on the property while Sanchez's Chapter 7 case was ongoing. (Doc. # 4-21 at 61-64). Sanchez had not yet received a discharge at the time of Renasant's foreclosure. (Doc. # 3-2 at 15).

On June 14, 2024, Renasant filed a Complaint for Ejectment against Sanchez in the Circuit Court of Madison County, Alabama seeking possession of the foreclosed property. (*See* Doc. # 2, *Renasant Bank v. Sanchez*, Circuit Court of Madison County, Alabama, CV-2024-900882.00). In its Complaint, Renasant states that it foreclosed on the property located at 347 Hills Chapel Road, Hazel Green, Alabama 35750 on May 30, 2024. (*Id.*). However, Renasant alleges that, since the foreclosure, Defendant has "failed and refused to return possession of said property" and "said possession and detention is unlawful." (*Id.*).

Sanchez received his Chapter 7 discharge on July 16, 2024 – over a month after Renasant had completed the foreclosure process. (Docs. # 3-2 at 15; 4-18).

On October 9, 2024, in response to Renasant's Complaint for Ejectment in the Circuit Court of Madison County, Alabama, Sanchez filed an answer and a counterclaim. (*See* Doc. # 54, *Renasant Bank v. Sanchez*, Circuit Court of Madison County, Alabama, CV-2024-900882.00). Pursuant to his counterclaim, Sanchez alleges that Renasant breached its loan agreements with him beginning in May 2023 and wrongfully foreclosed on his property. (*Id.*). This state court action remains pending. *See generally Renasant Bank v. Sanchez*, Circuit Court of Madison County, Alabama, CV-2024-900882.00.

On November 15, 2024, Renasant filed its Amended Motion to Reopen Debtor's Chapter 7 Case requesting the Bankruptcy Court to reopen Sanchez's Chapter 7 bankruptcy case and order Sanchez to comply with the terms of 11 U.S.C. § 521(a)(2)(B) and surrender the home. (Doc. # 4-19). On December 4, 2024, the Bankruptcy Court held a hearing on Renasant's motion (Doc. # 4-20). The Bankruptcy Court subsequently denied the motion. (Doc. # 4-22). Renasant filed its appeal on December 17, 2024. (Doc. # 1).

## II.     Standard of Review

District courts have "jurisdiction to hear appeals from final judgments, orders, and decrees . . . of bankruptcy judges." *In re Charter Co.*, 778 F.2d 617, 621 (11th Cir. 1985) (quoting 28 U.S.C. § 158(a)). On appeal from a judgment of the bankruptcy court, "a district court functions as an appellate court. It reviews the bankruptcy court's legal conclusions de novo, but must accept the bankruptcy court's factual findings unless they are clearly erroneous." *In re JLJ Inc.*, 988 F.2d 1112, 1116 (11th Cir. 1993); *see also In re Gaddy*, 851 F. App'x 996, 999 (11th Cir. 2021).

"De novo review requires the court to make a judgment independent of the bankruptcy court[], without deference to that court's analysis and conclusions." *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1295 (11th Cir. 2001). A "bankruptcy court's findings of fact are not clearly erroneous unless, in light of all the evidence, we are left with the definite and firm conviction that a mistake has been made." *In re Int'l Pharm. & Disc. II, Inc.*, 443 F.3d 767, 770 (11th Cir. 2005); *see also In re Gaddy*, 851 F. App'x at 999 ("A factual finding is not clearly erroneous unless, after reviewing all of the evidence, we are left with a definite and firm conviction that a mistake has been committed.").

## III.     Discussion

Renasant argues that the Bankruptcy Court erred in three ways: denying its motion to reopen the case; not enforcing the bankruptcy code; and not ordering Sanchez to comply with his duties under 11 U.S.C. § 521(a)(2)(B) and surrender the bank's collateral (after he did not reaffirm his mortgage debt and received a Chapter 7 discharge of all of his debts including his Renasant mortgage indebtedness). (Doc. # 5).

A district court "reviews the bankruptcy court's denial of a motion to reopen for 'clear abuse of discretion.'" *Dennis v. Poff*, 2009 WL 1097883, at *1 (N.D. Ala. Mar. 16, 2009), *aff'd sub nom. In re Poff*, 344 F. App'x 523 (11th Cir. 2009). As the Eleventh Circuit has articulated, a

4

court "will not set aside a discretionary decision by the bankruptcy court unless the decision represents a clear error of judgment." *In re Rasbury*, 24 F.3d 159, 168 (11th Cir. 1994).

Section 350(b) of the Bankruptcy Code provides that a bankruptcy case "may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor or for other cause." 11 U.S.C. § 350(b). "The ability to reopen a bankruptcy case is not a[n] automatic right but instead is left to the sole discretion of the bankruptcy court on a case by case basis looking at the particular circumstances and equities of that specific case." *In re Mohorne*, 408 B.R. 571, 576 (Bankr. S.D. Fla. 2009), *aff'd sub nom. Mohorne v. Beal Bank, S.S.B.*, 419 B.R. 488 (S.D. Fla. 2009) (citing *In re Apex Oil Co., Inc.*, 406 F.3d 538, 542-43 (8th Cir. 2005)). The moving party bears the burden of establishing cause to reopen a bankruptcy case. *See In re Winburn*, 196 B.R. 894, 897 (Bankr. N.D. Fla. 1996).

"'When deciding whether to re-open a closed case, courts should generally consider the benefit to creditors, the benefit to the debtor, the prejudice to the affected party, and other equitable factors.'" *Bank of America, N.A. v. Rodriguez*, 558 B.R. 945, 948 (S.D. Fla. 2016) (quoting *In re Arana*, 456 B.R. 161, 172 (Bankr. E.D.N.Y. 2011)); *see also In re Apex Oil*, 406 F.3d at 542 (holding it is within the bankruptcy court's discretion to reopen a case based on the particular circumstances and equities of each particular case). "Courts also consider the availability of an alternative forum for relief and the length of time between the closing of a case and the motion to reopen." *Id.* at 948-49 (citing *Mohorne*, 419 B.R. at 493 (in turn citing *In re Apex Oil*, 406 F.3d at 542-44 ("The availability of relief in an alternative forum is a permissible factor on which to base a decision not to reopen a closed bankruptcy case))). Additionally, "'the longer the time between the closing the estate and the motion to reopen, the more compelling the reason for reopening the estate should be.'" *Id.* at 949 (quoting *In re Case*, 937 F.2d 1014, 1018 (5th Cir. 1991)).

Here, the Bankruptcy Court did not abuse its discretion by denying Renasant's motion to reopen. After conducting a hearing on Renasant's motion to reopen, the Bankruptcy Court concluded that the Chapter 7 case was not due to be reopened and decided to abstain in favor of the ongoing state court proceeding. (Doc. # 3-6 at 5). The Bankruptcy Court reasoned that the state court was the proper court for Renasant to make its arguments – especially given that the issues Renasant raised in its motion (such as the duties Sanchez failed to comply with under the Bankruptcy Code) were not raised while the bankruptcy case was pending.

Renasant has an ejectment action against Sanchez pending in the Circuit Court of Madison County, Alabama. *See Renasant Bank v. Sanchez*, Circuit Court of Madison County, Alabama, CV-2024-900882.00. The Circuit Court in Madison County is clearly an alternative forum where relief may be available to Renasant. *See In re Apex Oil*, 406 F.3d at 542-44. In light of all these circumstances, the Bankruptcy Court's decision not to reopen the bankruptcy proceeding was not an abuse of discretion.

## IV.   Conclusion

For the reasons discussed above, the Bankruptcy Court's Order denying Renasant's Amended Motion to Reopen Case and to Order Debtor to Surrender Collateral, to Order Debtor to Cease State Court Proceedings in an Effort to Retain Collateral and to Revoke Debtor's Discharge is **AFFIRMED**.

The Clerk of Court is **DIRECTED** to close the case.

**DONE** and **ORDERED** this March 26, 2025.

_____
**R. DAVID PROCTOR**
CHIEF U.S. DISTRICT JUDGE